UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JENNIFER HARRIS, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 3:15-cv-564 (RNC) |
| NAVIENT SOLUTIONS, LLC (f/k/a SALLIE MAE), | : | |
| Defendant. | : | |

RULING AND ORDER

Plaintiff Jennifer Harris brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, claiming that defendant Navient Solutions, LLC ("Navient"), repeatedly called her using an automatic telephone dialing system ("ATDS") after she revoked her consent to receive such calls. Navient seeks summary judgment on the ground that plaintiff could not unilaterally revoke her consent to receive ATDS calls because she granted consent in a contract. I agree and therefore grant the motion.

I. Background

Navient is the servicer for several student loans plaintiff obtained between 2006 and 2009. In promissory notes she signed to secure the loans, she provided her telephone number and agreed to notify the defendant if her number changed. She also agreed to the following clauses that are particularly relevant here:

1

> This Note may be modified only if you put the modification in writing and the modification is agreed to by any borrower or cosigner. . .
>
> I understand that you may use automated telephone dialing equipment or an artificial or prerecorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in this application or I provide in the future, even if that number is a cellular telephone number.[1]

Between 2012 and 2014, Navient frequently used ATDS to contact plaintiff's cell phone. Plaintiff has testified that, sometime in December 2012, she began telling Navient's representatives to "stop calling [her]," and she told them to stop calling her "many, many times" thereafter. Despite these requests, she continued to receive ATDS calls until August 8, 2014, when her attorney sent a letter to Navient stating that plaintiff had revoked authorization to call her cell phone.

II. Legal Standard

Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To avoid summary judgment, the non-moving party must point to evidence that would permit a jury to return a verdict in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In determining whether the moving

---

[1] In some of the promissory notes plaintiff also agreed to receive emails and SMS text messages.

party is entitled to judgment as a matter of law, a court must review all the evidence in the record in the light most favorable to the opposing party. Id. at 255.

III. Discussion

The TCPA prohibits making "any call using an [ATDS] or prerecorded voice to any telephone number assigned to a . . . cellular telephone" for non-emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii). The caller is strictly liable for statutory damages unless it proves that the plaintiff gave "prior express consent" to ATDS calls. Id. at §§ 227(b)(3), (b)(1)(A); see Levy v. Receivables Performance Mgmt., LLC, 972 F. Supp. 2d 409, 417 (E.D.N.Y. 2013) (stating that prior express consent is an affirmative defense under the TCPA).

The Second Circuit has held that "the TCPA does not permit a party who agrees to be contacted as part of a bargained-for exchange to unilaterally revoke that consent." See Reyes v. Lincoln Auto. Fin. Servs., 861 F.3d 51, 56 (2d Cir. 2017), as amended (Aug. 21, 2017). It is undisputed that plaintiff consented to receiving ATDS calls when she signed her promissory notes. This fact is dispositive under Reyes.

Plaintiff argues that extrinsic evidence regarding the meaning of the consent clause should be considered because the clause is ambiguous. In general, "[w]hen only one interpretation of a contract is possible, the court need not look outside the

party is entitled to judgment as a matter of law, a court must review all the evidence in the record in the light most favorable to the opposing party. Id. at 255.

III. Discussion

The TCPA prohibits making "any call using an [ATDS] or prerecorded voice to any telephone number assigned to a . . . cellular telephone" for non-emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii). The caller is strictly liable for statutory damages unless it proves that the plaintiff gave "prior express consent" to ATDS calls. Id. at §§ 227(b)(3), (b)(1)(A); see Levy v. Receivables Performance Mgmt., LLC, 972 F. Supp. 2d 409, 417 (E.D.N.Y. 2013) (stating that prior express consent is an affirmative defense under the TCPA).

The Second Circuit has held that "the TCPA does not permit a party who agrees to be contacted as part of a bargained-for exchange to unilaterally revoke that consent." See Reyes v. Lincoln Auto. Fin. Servs., 861 F.3d 51, 56 (2d Cir. 2017), as amended (Aug. 21, 2017). It is undisputed that plaintiff consented to receiving ATDS calls when she signed her promissory notes. This fact is dispositive under Reyes.

Plaintiff argues that extrinsic evidence regarding the meaning of the consent clause should be considered because the clause is ambiguous. In general, "[w]hen only one interpretation of a contract is possible, the court need not look outside the

party is entitled to judgment as a matter of law, a court must review all the evidence in the record in the light most favorable to the opposing party. Id. at 255.

III. Discussion

The TCPA prohibits making "any call using an [ATDS] or prerecorded voice to any telephone number assigned to a . . . cellular telephone" for non-emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii). The caller is strictly liable for statutory damages unless it proves that the plaintiff gave "prior express consent" to ATDS calls. Id. at §§ 227(b)(3), (b)(1)(A); see Levy v. Receivables Performance Mgmt., LLC, 972 F. Supp. 2d 409, 417 (E.D.N.Y. 2013) (stating that prior express consent is an affirmative defense under the TCPA).

The Second Circuit has held that "the TCPA does not permit a party who agrees to be contacted as part of a bargained-for exchange to unilaterally revoke that consent." See Reyes v. Lincoln Auto. Fin. Servs., 861 F.3d 51, 56 (2d Cir. 2017), as amended (Aug. 21, 2017). It is undisputed that plaintiff consented to receiving ATDS calls when she signed her promissory notes. This fact is dispositive under Reyes.

Plaintiff argues that extrinsic evidence regarding the meaning of the consent clause should be considered because the clause is ambiguous. In general, "[w]hen only one interpretation of a contract is possible, the court need not look outside the

four corners of the contract." Parisi v. Parisi, 315 Conn. 370, 383, 107 A.3d 920, 929 (2015) (quotation omitted). "Extrinsic evidence is always admissible, however, to explain an ambiguity appearing in the instrument." Id.

Plaintiff claims that the consent clause is ambiguous because it can be interpreted to provide only "initial" consent to receive ATDS calls. I disagree. The clause includes no temporal limitations and contemplates ATDS calls in the future: "You may contact me at any telephone number I provide in this application or I provide in the future."[2]

Plaintiff also argues that contractually-provided consent is irrevocable only when "the parties expressly agree by contract that consent is irrevocable." This argument fails in light of the facts and holding of Reyes.[3] Like the notes at issue here, the contract at issue in Reyes was silent on revocation.[4] Even

---

[2] Plaintiff attempts to create ambiguity by citing extrinsic evidence (testimony by a defendant employee). However, "[w]hen the language is clear and unambiguous . . . the contract must be given effect according to its terms." Id.

[3] The cases cited by plaintiff are from outside this Circuit and are in direct conflict with Reyes. See Galbreath v. Time Warner Cable, Inc., No. 7:14-CV-61-D, 2015 WL 9450593, at *4 (E.D.N.C. Dec. 22, 2015) (holding that contractually-provided consent may be revoked); Wright v. Target Corp., No. 14-CV-3031 (SRN/HB), 2015 WL 8751582, at *6 (D. Minn. Dec. 14, 2015) (same); Skinner v. Bluestem Brands, Inc., No. 3:14-CV-256-CWR-FKB, 2015 WL 4135269, at *3 (S.D. Miss. July 8, 2015) (same).

[4] The contract in Reyes provided:

You [Reyes] also expressly consent and agree to Lessor [Ford], Finance Company, Holder and their affiliates,

4

so, the Second Circuit determined that the plaintiff's bargained-for consent "bec[a]me irrevocable" when it was granted in the contract. See Reyes, 861 F.3d at 53–54.

Plaintiff submits that the Federal Communications Commission "envisioned a 'prior express consent' term that was merely an initial grant of consent and not an irrevocable grant of consent to call for all time." She cites a 2015 ruling of the FCC that prior express consent may be revoked. See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 F.C.C. Rcd. 7961 (2015).

Plaintiff's reliance on the FCC's ruling is unavailing. In Reyes, the Court stated that the ruling addressed only the "narrow" question whether, under the TCPA, "a consumer who has freely and unilaterally given his or her informed consent to be contacted can later revoke that consent." 861 F.3d at 56 (citing 2015 FCC Ruling). Here, as in Reyes, the issue is "whether the TCPA also permits a consumer to unilaterally revoke his or her

---

>     agents and service providers may use written,
>     electronic or verbal means to contact you. This consent
>     includes, but is not limited to, contact by manual
>     calling methods, prerecorded or artificial voice
>     messages, text messages, emails and/or automatic
>     telephone dialing systems. You agree that Lessor,
>     Finance Company, Holder and their affiliates, agents
>     and service providers may use any email address or any
>     telephone number you provide, now or in the future,
>     including a number for a cellular phone or other
>     wireless device, regardless of whether you incur
>     charges as a result.

861 F.3d at 53–54.

consent to be contacted by telephone when that consent is given, not gratuitously, but as bargained-for consideration in a bilateral contract." Id. Reyes answered this question in the negative.[5]

III. Conclusion

For the foregoing reasons, defendant's motion for summary judgment is granted (ECF No. 80). The Clerk may enter judgment and close the case.

So ordered this 7th day of August 2017.

                                            /s/
                                       Robert N. Chatigny
                               United States District Judge

---

[5] The FCC recently stated that its 2015 ruling "did not address whether contracting parties can select a particular revocation procedure by mutual agreement." See ACA Int'l v. FCC, 885 F.3d 687, 710 (D.C. Cir. 2018). Here, the promissory notes provide a revocation procedure: modification of the contract in writing.